■.María, J.
The facts as established by the pleadings and proofs, are,- that the land of complainant being sold under execution for debt, was purchased by Daniel McMillan for the small sum of \$10. The purchser was af- *110 terwards induced, through the representations .of neighbors to compassionate the condition of complainant, and to convey the land to Thomas N. McLeran for the consideration of $25 ; the said McLeran agreeing to hold the land in trust for the benefit of plaintiff. At the same time some other small effects were conveyed in augmentation of the trust fund,
After the lapse of a few years, McLeran concluded, for the moré convenient management of the trust property, to sell the land, and to hold the proceeds thereafter as an interest bearing fund. He accordingly sold for $750, and took the bond of the purchaser.
It seems that at the time ■ of the execution sale, send since, down to the time of the sale to McLeran, the complainant was indebted to a larger amount than he could pay.
After thq death of McLeran, the validity of the trust being denied by his executrix,, complainant filed his bill setting forth the above facts, and praying for an account of the funds, and the paying the balance found to belong to the same into the hands of G-eddie'as a trustee.
The answer of the éxecutrix, Mary Ann Evans, does not deny the above state of facts in any material particular ; but makes the" point, whether an arrangement, made as this was, for the ease, favor and comfort of a. debtor, is a trust which will be enforced in the Courts ?
Such is the case presented, and-, upon proper consideration of it, we see no reason why the trust should not be enforced. No injustice has been done to creditors* A bona fide and indefeasible-title was acquired by McMillan through his purchase/and it was entirely competent for him to do with it as he pleased — co. keep it, or to convey it away — to convey it either with or without full conside *111 ration, and either with or. without conditions or trusts annexed thereto. When, therefore, McMillan responded to the call made on his pity, and assigned over the benefit of his purchase to Baker in such way as to secure it from seizure by his- creditors, he conferred, it is true, a benefit upon the debtor, but did no wrong to the creditor, for it was not at his expense. -The advantageous bargain which he assigned oyer, had not been acquired by any covinous or fraudulent contrivance or understanding between the debtor and purchaser. The sale was by execution, and the purchase was in good faith .for the purchaser’s benefit. That he afterwards changed his mind, and riiade an almost gratuitous conveyance of it for the benefit of complainant, is no discredit, but is a transaction eminently fit to be enforced. There is no rule of law or equity which forbids liberality among men, provided they are liberal with their own, and do no injustice to the rights of others, .
Whether the fund may not be reached.by creditors upon proper proceedings, instituted for this purpose, we express no opinion, as such question is not now before us.
This Court is of opinion the plaintiff is entitled to an. account of the trust fund ; " to the end that it may be put into the hands of a proper trustee for plaintiff’s use.
Let there be a decree for an account.